**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002550**
**17-SEP-2014**
**08:34 AM**

NO. CAAP-13-0002550

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BANK OF AMERICA, N.A., Plaintiff-Appellee,
v.
ROLAND LANZI, Defendant-Appellant,
and
ASSOCIATION OF APARTMENT OWNERS OF SANDPIPER
VILLAGE I, PRINCEVILLE AT HANALEI COMMUNITY
ASSOCIATION, et al, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0345)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Roland Lanzi (**Lanzi**) appeals from the July 3, 2013 "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed December 6, 2012" entered in the Circuit Court of the Fifth Circuit[1] (**circuit court**) in favor of Plaintiff-Appellee Bank of America (**BOA**) and against Lanzi and Defendants-Appellees Association of Apartment Owners of Sandpiper Village I and Princeville at Hanalei Community Association.

On appeal, Lanzi, proceeding pro se,[2] contends the

---

[1]    The Honorable Kathleen N.A. Watanabe presided.

[2]    Lanzi's opening brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) because, among other reasons, it fails to include an "argument, containing the contentions of the appellant on the points presented and the reasons therefor[.]" HRAP Rule 28(b)(7). Notwithstanding these deficiencies, Hawai'i courts favor a policy of affording
(continued...)

circuit court erred by:

(1) failing to find genuine issues of material fact concerning BOA's standing, prima facie case, and compliance with "Act 182[;]" and

(2) making "premature determinations of fact" and granting summary judgment in favor of BOA. (Citing 2012 Haw. Sess. Laws, Act 182 §§ 50-61, at 684).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Lanzi's appeal lacks merit.

Lanzi contends BOA was required to produce "the original note [dated July 10, 2008, under which The Mortgage House, Inc. (**Mortgage House**) loaned Lanzi a principal sum of $312,800 (**Note**)], for independent verification to ascertain whether title and claim of foreclosure are sound . . . ." A notarized copy of the Note and an attorney affirmation were attached to BOA's complaint. Lanzi points to no authority requiring BOA or BOA's attorney to produce the original note in order to conform with attorney affirmation requirements under Hawaii Revised Statutes (**HRS**) § 667-17 (Supp. 2013) and we discern none.

Lanzi contends BOA's attorney affirmation statement failed to meet "Act 182 requirements[.]" The intent of Act 182's attorney affirmation requirements was to ensure that attorneys investigate foreclosure materials for themselves and authenticate documents they represent to the courts. Lanzi argued BOA's attorney's affirmation violated HRS § 667-17 because it lacked the following prefatory language:

> Note: During and after August 2010, numerous and widespread insufficiencies in foreclosure filings in various courts around the nation were reported by major mortgage lenders

---

[2](...continued)
pro se litigants "the opportunity to have their cases heard on the merits, where possible[.]" Housing Fin. and Dev. Corp. v. Ferguson, 91 Hawai'i 81, 86, 979 P.2d 1107, 1112 (1999) (citation internal quotation mark omitted). We proceed to address the merits of Lanzi's contentions as we are able to discern them.

and other authorities, including failure to review documents
and files to establish standing and other foreclosure
requisites; filing of notarized affidavits that falsely
attest to such review and to other critical facts in the
foreclosure process; and "robosignature" of documents.

HRS § 667-17. HRS § 667-17 requires attorney's affirmations to
"substantially" conform to the form specified in the statute.
The circuit court did not err by finding BOA's attorneys'
affidavits conformed despite the absence of the prefatory
language cited by Lanzi. The circuit court did not err by
determining that BOA's attorney's affirmations filed with BOA's
complaint substantially conformed to HRS § 667-17 requirements.

    Lanzi contends BOA lacks standing to bring its claims
pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 17(a),[3]
which requires actions be commenced by "the real party in
interest." Hawai'i courts employ an "injury in fact" test to
assess whether standing exists. Bush v. Watson, 81 Hawai'i 474,
479, 918 P.2d 1130, 1135 (1996). Standing exists where: "(1)
[the plaintiff] has suffered an actual or threatened injury as a
result of the defendant's wrongful conduct, (2) the injury is
fairly traceable to the defendant's actions, and (3) a favorable
decision would likely provide relief for a plaintiff's injury."
Id. Lanzi's argument to the circuit court that BOA did not
actually receive an interest in the property located at 4770
Pepelani Loop #237, Princeville, Hawai'i 96722 (**property**)
concerns the first prong of the standing test. He bases this on

---

[3]  HRCP Rule 17(a) provides:

  Rule 17. **PARTIES PLAINTIFF AND DEFENDANT; CAPACITY.**

    (a) **Real Party in Interest.** Every action shall be
prosecuted in the name of the real party in interest. An
executor, administrator, guardian, bailee, trustee of an
express trust, a party with whom or in whose name a contract
has been made for the benefit of another, or a party
authorized by statute may sue in its own name without
joining with it the party for whose benefit the action is
brought. No action shall be dismissed on the ground that it
is not prosecuted in the name of the real party in interest
until a reasonable time has been allowed after objection for
ratification of commencement of the action by, or joinder or
substitution of, the real party in interest; and such
ratification, joinder, or substitution shall have the same
effect as if the action had been commenced in the name of
the real party in interest.

an allegedly unauthorized assignment of the note signed by Ben Peck (**Peck**). Lanzi provides no discernible argument or other support for his contention that Peck was not authorized to sign for Mortgage Electronic Registration Systems, Inc., as nominee of the Mortgage House, or that the assignment was otherwise invalid.

Lanzi raised no genuine issue of material fact regarding BOA's interest in the property.

Therefore,

IT IS HEREBY ORDERED that the July 3, 2013 "Judgment on Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed December 6, 2012" entered in the Circuit Court of the Fifth Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 17, 2014.

On the briefs:

Roland Lanzi
Defendant-Appellant pro se.

Robert E. Chapman
Reginald K.T. Yee
Mary Martin
(Clay Chapman Iwamura Pulice &
Nervell)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4